UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. MARK COULSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4953
Fax (410) 962-2985

April 24, 2015

LETTER TO COUNSEL

RE: *Tony Purcell Crump Sr. v. Commissioner, Social Security Administration*;
Civil No. JMC-14-CV-1690

Dear Counsel:

On May 27, 2014, Plaintiff Tony Purcell Crump Sr. ("Mr. Crump") petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income. (ECF No. 1). I have considered the Parties' cross-motions for summary judgment and Plaintiff's reply memorandum. (ECF Nos. 14, 15 & 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both Motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

Mr. Crump filed a claim for Supplemental Security Income ("SSI") on January 19, 2011. (Tr. 199-203). He alleged a disability onset date of June 23, 2007. (Tr. 199). His claims were denied initially and on reconsideration. (Tr. 148-151). A hearing was held on November 15, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 56). Following the hearing, the ALJ determined that Mr. Crump was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 48). The Appeals Council denied Mr. Crump's request for review, (Tr. 2-9), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Crump suffered from the severe impairments of obesity and degenerative disc disease. (Tr. 42). Despite these impairments, the ALJ determined that Mr. Crump retained the residual functional capacity ("RFC") to:

> Perform light work defined in 20 CFR 416.967(b) except he is limited to only occasional balancing, stooping, kneeling, crouching, crawling, and climbing stairs and cannot climb ladders, ropes or scaffolds. He should also avoid work that requires pushing and pulling with his legs.

(Tr. 43). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Crump could perform jobs existing in significant numbers in the national economy and that therefore he was not disabled. (Tr. 47).

*Tony Purcell Crump Sr. v. Commissioner, Social Security Administration*
Civil No. JMC-14-CV-1690
April 24, 2015
Page 2

Mr. Crump raises one argument[1] on appeal; that the ALJ failed at step three in the sequential evaluation process to properly evaluate whether his back impairment met or equaled listing 1.04. (ECF No. 14 at 17). In this regard, Mr. Crump argues that the ALJ did not assess the medical evidence relating to whether he can show his disorder results in compromise of a nerve root or the spinal cord and that the ALJ summarily concluded that "[n]o treating or examining physician has mentioned any findings equivalent in severity to any listed impairment." (ECF No. 14 at 18, *citing* Tr. 43). Specifically, Mr. Crump argues that the ALJ concluded that his straight leg raise tests were negative but ignored the various positive straight leg tests in his treating CRNP Donald Clayton's records. (ECF No. 14 at 19-20). Mr. Crump also argues that the ALJ mischaracterized certain MRI results as "mild." (ECF No. 14 at 24). I find that Mr. Crump's argument regarding the lack of analysis of the positive straight-leg test results has merit and is addressed below.

Here, the ALJ concluded that Mr. Crump's degenerative disc disease did not meet listing 1.04 because:

> The record does not demonstrate compromise of a nerve root (including cauda equine) or the spinal cord with additional findings of: A) evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motor of the spine, motor loss (atrophy with associated muscle weakness) accompanied by sensory or reflex loss and, ***if there is involvement of the lower back, positive straight-leg raising***; or B) spinal arachnoiditis; or C) lumbar spinal stenosis resulting in pseudoclaudication.

(Tr. 43 (emphasis added)). Later in her Report the ALJ details her evaluation of the medical evidence, including: mild MRIs, negative straight leg raise tests, and conservative treatment measures. (Tr. 45). At no point in her Report does the ALJ recognize the positive straight-leg raising test results that are clearly present in the record. (Tr. 407, 420, 362, 366). The Report is also devoid of any discussion as to whether those positive results were not deemed credible, nor is there an explanation as to the weight the ALJ gave to CRNP Clayton's records. While, Defendant argues that because Mr. Clayton is a CRNP and not a physician his opinions are not entitled to controlling weight, such an ad hoc explanation is not adequate and in-fact contradicts the ALJ's Report, which does rely on Mr. Clayton's records for other purposes.[2] (*See* Tr. 43-45

---

[1] While the issue was not raised by Mr. Crump on appeal, the Court does recognize that in considering Mr. Crump's RFC, the ALJ summarized Mr. Crump's subjective complaints of back pain. (Tr. 44). The ALJ then stated that Mr. Crump's statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (Tr. 44). The ALJ's statement is similar to the problematic boilerplate language that the Fourth Circuit recently determined warranted remand in *Mascio v. Colvin*, No. 13-2088, 2015 WL 1219530, at *5 (4th Cir. Mar. 18, 2015). It is, however, critically distinguishable from that boilerplate because it does not reference the ALJ's RFC assessment and thus does not imply that the ALJ first assessed Plaintiff's RFC and then used that assessment to determine her credibility. *See id*. Moreover, the ALJ cured any issue created by his use of boilerplate credibility language by thereafter properly and thoroughly analyzing Mr. Crump's credibility, specifically noting which of his complaints were credited.

[2] Moreover, the ALJ specifically refers to Mr. Clayton's records as those of Mr. Crump's "primary care physician." (Tr. 43 *citing* Exhibit 15F).

*Tony Purcell Crump Sr. v. Commissioner, Social Security Administration*
Civil No. JMC-14-CV-1690
April 24, 2015
Page 3

*citing* Exhibit 15F).  Absent an express evaluation, I cannot determine whether the ALJ's analysis was supported by substantial evidence.  For this reason, remand is appropriate.  In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Crump is not entitled to benefits is correct or incorrect.

     For the reasons set forth herein, Mr. Crump's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 15) is DENIED.  The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings.  The clerk is directed to CLOSE this case.

     Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                      Sincerely yours,

                                      /s/

                                      J. Mark Coulson
                                      United States Magistrate Judge